**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Javier Alberto Duarte-Camacho,<br><br>    Defendant. | No. CR 17-755-01-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion for Sentence Reduction Under 18 U.S.C. § 3582(A)(1)(C) and Amendments §§ 821, 825, Including § 3553(F)(1) Safety Valve Application (Doc. 211) filed by Javier Alberto Duarte-Camacho ("Duarte-Camacho").

Duarte-Camacho filed a previous Motion for Reduction of Sentence Under Amendment 821 Section 3582 18 United States Code (Doc. 207). The Federal Public Defender filed a Notice RE: Pro Se Filing, stating it would not be filing a supplemental memorandum (Doc. 208). Additionally, the United States Probation Office filed a Memorandum RE: Retroactive Criminal History Amendment of Chapter Four Zero-Point Offenders - Ineligible (Doc. 209). On February 6, 2024, this Court denied Duarte-Camacho's request (Doc. 210).

Duarte-Camacho's new motion argues he is entitled to relief because the 18 U.S.C. § 3553 factors support a reduction in sentence. However, before considering the §3553 factors, the Court must first determine if a retroactive amendment to the USSG lowered Duarte-Camacho's guideline range and whether a reduction is consistent with the applicable policy statements. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

1. Duarte-Camacho asserts he does not have "[m]ore than 4 criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines[.]  Motion (Doc. 211, p. 4). However, a review of Duarte-Camacho's Presentence Investigation Report ("PSR"), which the Court adopted without change or objection at sentencing, reflects that Duarte-Camacho received one criminal history point under Chapter Four, Part A, of the United States Sentencing Guidelines ("USSG").  See USSG § 4C1.1(a)(1) (2023).

It appears Duarte-Camacho may be referring to USSG § 4A1.1's calculation of the *criminal history category* in arguing he is eligible for a reduction in sentence.  However, to be eligible for a reduction, Duarte-Camacho must not have received "any *criminal history points* from Chapter Four, Part A[.]"  USSG § 4C1.1(a)(1).  Because Duarte-Camacho received one criminal history point under Chapter Four, Part A, Amendment 821 is inapplicable to his sentence.

Duarte-Camacho also argues he is entitled to a reduction of his sentence because of eligibility for the safety valve adjustment. However, during the January 23, 2019, sentencing proceeding, this Court determined Duarte-Camacho was not eligible for the safety valve adjustment because he was a manager or supervisor.  Indeed, the Court discussed that one of the couriers advised that she traveled to New York, England, Australia, and Japan for Duarte-Camacho; each time the courier would return with different sums of money for Duarte-Camacho.  The Court pointed out this was just one of the couriers identified in the PSR.  Further, the couriers were required to regularly contact Duarte-Camacho and he was instructing them where to go and how to proceed.

As Duarte-Camacho is not entitled to a reduction of his sentence, the Court will again deny Duarte-Camacho's request.

Accordingly, IT IS ORDERED:

1. The Motion for Sentence Reduction Under 18 U.S.C. § 3582(A)(1)(C) and Amendments §§ 821, 825, Including § 3553(F)(1) Safety Valve Application (Doc. 211) is DENIED.

2. The Clerk of Court shall mail a copy of this Order to Duarte-Camacho at the following address:

>Javier Alberto Duarte-Camacho # 74789-408
>FCI La Tuna
>PO Box 3000
>Anthony, NM  88021

DATED this 17th day of April, 2024.

_____
Cindy K. Jorgenson
United States District Judge